**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

CLARENCE JOHNSON,

Petitioner, : Case No. 1:07-cv-258

-vs- : District Judge S. Arthur Spiegel
Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

Respondent. :

---

**REPORT AND RECOMMENDATIONS**

---

Petitioner Clarence Johnson brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to seek relief from his conviction and sentence for two counts of aggravated robbery in the Hamilton County Common Pleas Court. He pleads the following grounds for relief:

> **Ground One:** Petitioner's sentence are [sic] void as violation the 14th Amendment's Due Process provision as being ex post facto.
>
> **Supporting Facts:** At the time the crime occurred, Ohio law mandated that the Petitioner be sentenced to the maximum minimum sentence per Ohio Revised Code §292914(B). The Ohio Supreme Court's subsequent enlargement of this statute violates the 14th Amendment of U.S. Constitution as being ex post facto; See State v. Foster (2006), 109 Ohio St. 3d 1, 845 N.E. 2d 740.
>
> **Ground Two:** Denial of effective assistance of trial counsel.
>
> **Supporting Facts:** Trial counsel rendered constitutionally deficient preformance [sic] where he failed to cite allied offense and similar imports to object to Pretitioner [sic] sentence being void as a matter of law, thereby failing to recognize and argue this a[t] trial.
>
> **Ground Three:** Right to procedural due process denied where

> sentence[d] for both aggravated robbery and theft violate allied offense protection.
>
> **Supporting Facts:** State trial court sentence[d] Petitioner for Aggravated Robbery and theft offenses where offense of the same or similar import thereby depriving him of his absolute right to procedural due process of law.

(Petition, Doc. No. 3, at 6-9.)

## Procedural History

Petitioner was indicted by the Hamilton County Grand Jury on April 20, 2005, on one count of aggravated robbery with two firearm specifications and one count of having weapons under disability for an incident which occurred April 12, 2005 (Case No. B-050386-A). On May 20, 2005, he was indicted for a separate incident occurring on April 7, 2005, and charged with one count of aggravated robbery and one count of robbery. Separately arraigned on the two indictments, Petitioner pled not guilty to all counts. After plea negotiations, Mr. Johnson withdrew his guilty plea and pled guilty to one count of having weapons under disability and two counts of aggravated robbery. The State and Mr. Johnson agreed on a sentence of thirteen years, including six years for one of the aggravated robberies with a consecutive three years for the firearm specification plus three years for the second aggravated robbery plus one year for the weapons charge. The trial judge imposed that sentence August 1, 2005, the same day the agreement was reached.

Mr. Johnson took no appeal at the time, but on August 31, 2006, filed a *pro se* notice of appeal and motion for delayed appeal. The First District Court of Appeals denied leave to file the delayed appeal on grounds Petitioner had failed to show good cause for the delay and because there

was an agreed sentence, precluding appeal under Ohio Revised Code § 2953.08. Mr. Johnson appealed to the Ohio Supreme Court, acknowledging that the sentence was agreed upon. However, that court declined to exercise jurisdiction. Mr. Johnson subsequently filed a petition for post-conviction relief in the Common Pleas Court, but the claim raised there is not repeated here.

**Ground One: *Ex Post Facto* Violation**

The decision in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), was handed down February 27, 2006. Petitioner here claims that it is a violation of the Ex Post Facto Clause to apply the *Foster* decision to him because the crimes he was convicted of committing occurred in April, 2005.

In *Miller v. Florida*, 482 U.S. 423, 107 S. Ct. 2446, 96 L. Ed. 2d 351 (1987), the Supreme Court unanimously overturned a sentence imposed under Florida's sentencing guidelines where the guidelines were amended upward between the offense date and the sentencing date. The Court held:

> Our test for determining whether a criminal law is ex post facto derives from these principles. As was stated in *Weaver [v. Graham*, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981)], to fall within the ex post facto prohibition, two critical elements must be present: first, the law "must be retrospective, that is, it must apply to events occurring before its enactment"; and second, "it must disadvantage the offender affected by it." ... [N]o ex post facto violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." citing *Dobbert v. Florida*, 432 U.S. 282 at 293, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977).

482 U.S. at 430. “An ex post facto law possesses two elements: (1) ‘it must apply to events occurring before its enactment’ and (2) it must disadvantage the offender affected by it.” *Dyer v.*

*Bowlen*, 465 F.3d 280, 285 (6th Cir. 2006)(quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

The difficulty with Petitioner's first Ground for Relief is that it assumes that he was sentenced under *State v. Foster*. However, he was in fact sentenced August 1, 2005, well before *Foster* was decided, under the Ohio law as it existed prior to *Foster*. Thus this Court need not decide whether *Foster* might have an impermissible *ex post facto* effect on other criminal defendants: it clearly had none on the Petitioner.

It is true that Ohio Revised Code § 2929.14(B), as it was at the time Petitioner was sentenced, required findings of fact from the trial judge before a sentence above the minimum was imposed and that such findings are, when made by a judge instead of a jury, unconstitutional. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). However, the portions of Ohio's sentencing statute requiring these additional findings was never applied to Petitioner because they are not applicable when there is an agreed sentence which is actually imposed. As the Ohio Supreme Court explained in *State v. Porterfield*, 106 Ohio St. 3d 5, 829 N.E.2d 690 (2005):

> The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.

829 N.E. 2d at 694. That is exactly what happened here. In sum, *Foster* has not been applied to Petitioner and Ohio Revised Code § 2929.14(B) as it existed prior to *Foster* did not require any findings by the trial court in an agreed-sentence case. The first Ground for Relief is therefore without merit.

**Grounds Two and Three: Allied Offense of Similar Import**

In his second Ground for Relief, Petitioner asserts his trial counsel was ineffective for not objecting to his sentence on the ground that it imposed duplicative sentences for allied offenses of similar import, to wit, aggravated robbery and theft. In his third Ground for Relief, Petitioner asserts that the sentence denied him due process because of the same violation of the prohibition of duplicative sentences for allied offenses of similar import.

Ohio Revised Code § 2941.25 prohibits sentencing a person for allied offenses of similar import. Specifically, the statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

Petitioner is probably correct that a theft and an aggravated robbery are allied offenses of similar import when the underlying conduct involves taking something of value by use of force. If Petitioner had in fact been charged with both theft and aggravated robbery arising out of either of the underlying incidents, he probably could only have been convicted of and sentenced for one of those offenses.

However, Petitioner's second and third Grounds for Relief assume facts completely contrary to the record: Petitioner was never charged with theft from either of the incidents. Instead, he was charged only with the aggravated robberies and has only been sentenced for those convictions. It is true that the thefts are mentioned in the body of the indictments but that is because theft is an element of aggravated robbery. In neither case was the theft pled as a separate count. Therefore

Petitioner's second and third Grounds for Relief are without merit.

**Conclusion**

In accordance with the foregoing analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with the conclusions reached herein, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 31, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Johnson Habeas R&R.wpd