```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

CLARENCE JOHNSON,                :
                                 :   NO. 1:07-CV-00258
    Petitioner,              :
                                 :
                                 :
 v.                              :   **OPINION AND ORDER**
                                 :
                                 :
ERNIE MOORE,                     :
                                 :
    Respondent.              :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus be denied (doc. 12). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

On May 30, 2007, pro se Petitioner Clarence Johnson, an inmate at the Warren Correctional Institution in Lebanon, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Id.). Petitioner pled three grounds for relief: (1) "Petitioner's sentence are [sic] void as violation the 14th Amendment's Due Process provision as being ex post facto;" (2) "Denial of effective assistance of trial counsel;" and (3) "Right to procedural due process denied where sentence for both aggravated burglary and theft violate allied offense protection" (doc. 3).

In the Report and Recommendation, the Magistrate Judge considered each of Petitioner's arguments, and found each to be

without merit (doc. 12). First, the Magistrate Judge considered Petitioner's first ground for relief, and concluded that Petitioner's sentence did not violate the Ex Post Facto Clause because contrary to Petitioner's assumption, State v. Foster, 845 N.E. 2d 740 (2006), was not "applied to Petitioner and Ohio Revised Code 2929,14(B) as it existed prior to Foster did not require any findings by the trial court in an agreed-sentence case" (Id.). Next, the Magistrate Judge considered the basis for Petitioner's second and third grounds for relief, that Petitioner impermissibly received duplicative sentences for allied offenses of similar import, to wit, aggravated robbery and theft (Id.). The Magistrate Judge concluded these grounds for relief "assume facts completely contrary to the record: Petitioner was never charged with theft from either of the incidents" (Id.). The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. §

636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 12) in its entirety, and therefore DENIES Petitioner's writ of habeas corpus (doc. 3). Because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural findings" the Court DOES NOT issue a certificate of appealability in this case. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.

SO ORDERED.

Dated: March 13, 2008     /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge